```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
BURMA TASK FORCE, et al.,                                    :
                                      Plaintiffs,            :
                                                             :
              -against-                                      :
                                                             :
THEIN SEIN, et al.,                                          :
                                      Defendants.            :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/30/2016

15 Civ. 7772 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, United States District Judge:

Plaintiffs bring this action against six Defendants who are current or former government officials in Myanmar[1] under the Alien Torts Statute ("ATS"), 28 U.S.C. § 1350, and the Torture Victim Protect Act ("TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350). The United States filed a Suggestion of Immunity pursuant to 28 U.S.C. § 517 informing the Court that the Executive Branch of the U.S. Government had determined that Defendants Thein Sein and Wunna Maung Lwin, the President and Foreign Minister of Myanmar, respectively, are immune from suit. As explained below, these two Defendants are dismissed from this case for lack of jurisdiction because the Court is bound by the Executive Branch's recognition of immunity, which includes immunity from claims brought under ATS or the TVPA.

---

[1] Myanmar is also routinely referred to as "Burma." Prior to 1989 when the military government changed its name, the country was known as "Burma." The official policy of the U.S. Government remains to refer to the country as Burma in most contexts. *See* Bureau of East Asian and Pacific Affairs, *U.S. Relations with Burma*, U.S. DEP'T OF STATE (Dec. 18, 2015), http://www.state.gov/r/pa/ei/bgn/35910.htm. The term Myanmar is used here. This device is meant only for the reader's ease and is not intended to express any view regarding the names Burma or Myanmar.

**I.      Background**

Plaintiffs bring this action under the ATS and TVPA asserting that Defendants are responsible for genocide, torture, arbitrary detention, and other violations of U.S. and international law.  On February 12, 2016, the United States filed a Suggestion of Immunity pursuant to 28 U.S.C. § 517 informing the Court that the Executive Branch recognizes Defendants Thein Sein and Wunna Maung Lwin, the President and Foreign Minister of Myanmar, respectively, as immune from suit.  Attached to the Government's submission is a letter from Deputy Legal Adviser Katherine D. McManus of the U.S. Department of State to Principal Deputy Assistant Attorney General Benjamin C. Mizer of the U.S. Department of Justice, which states:

> The Department of State recognizes and allows the immunity of President Thein Sein as a sitting head of state and of Foreign Minister Wunna Maung Lwin as a sitting foreign minister from the jurisdiction of the United States District Court in this suit.  Under the common law principles of immunity articulated by the Executive Branch in the exercise of its Constitutional authority over foreign affairs and informed by customary international law, President Thein Sein, as the sitting head of state of a foreign state, and Foreign Minister Wunna Maung Lwin, as a sitting foreign minister of a foreign state, are immune while in office from the jurisdiction of the United States District Court in this suit.

**II.     Discussion**

This Court is required by common law to recognize the State Department's Suggestion of Immunity for Defendants Thein Sein and Wunna Maung Lwin and therefore lacks jurisdiction to adjudicate claims against them.

Under the two-step procedure developed after *Schooner Exchange v. McFaddon*, 11 U.S. (7 Cranch) 116 (1812), a foreign sovereign can request a "suggestion of immunity" from the

State Department. If the State Department files a "suggestion of immunity," the "district court surrender[s] its jurisdiction." *Samantar v. Yousuf*, 560 U.S. 305, 311 (2012).

The Federal Judiciary is bound by the Executive's decision to recognize immunity. *See Ex parte Peru*, 318 U.S. 578, 587 (1943) ("When the Secretary [of State] elects . . . to settle claims . . . rather than by continued litigation in the courts, it is public of importance that the action of the political arm of the Government taken within its appropriate sphere be promptly recognized . . . ."); *Republic of Mexico v. Hoffman*, 324 U.S. 30, 35 (1945) ("It is therefore not for the courts to deny an immunity which our government has seen fit to allow, or to allow an immunity on new grounds which the government has not seen fit to recognize."). As *Schooner Exchange* made clear, decisions to grant foreign immunity are a matter of "grace and comity," rather than imposed by the Constitution, and ones in which the courts have routinely deferred to the political branches. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 486 (1983). If the State Department declines to recognize immunity, a district court then "ha[s] authority to decide for itself whether all the requisites for such immunity exist[]." *Samantar*, 560 U.S. at 311-12 (quoting *Ex parte Peru*, 318 U.S. at 587)).

Here, the United States filed a Suggestion of Immunity on February 12, 2016, showing that the U.S. Department of State recognizes Defendants Thein Sein and Wunna Maung Lwin as immune from the jurisdiction of this Court while they remain in office. Therefore, this Court is bound by the Executive Branch's determination that these Defendants are immune from suit while in office. Accordingly, this Court has no jurisdiction over these Defendants while they remain in office. Defendants' immunity similarly precludes efforts to serve them with process while they are in office. *See Ye v. Zemin*, 383 F.3d 620, 628 (7th Cir. 2004) (holding that the

Executive's "power to preclude service of process in that same suit . . . .").

Plaintiffs make multiple arguments that exceptions to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq*., allow for suit against Defendants Thein Sein and Wunna Maung Lwin. These arguments fail because, as foreign officials, the immunity of these Defendants is determined by common law, not the FSIA. *See Samantar*, 560 U.S. at 324.

In 1976, Congress passed the FSIA, codifying the legal standards for foreign sovereign immunity and transferring from the Executive Branch to the Judicial Branch the responsibility for determining foreign sovereign immunity when a foreign state is subject to suit.[2] However, the Supreme Court made clear in *Samantar v. Yousuf* that foreign *official* immunity is not governed by the FSIA; the statute governs only the application of foreign immunity to foreign *states*. 560 U.S. at 324. The FSIA left untouched the common law regime for determining the sovereign immunity of foreign officials. *Id.* at 325 ("Although Congress clearly intended to supersede the common-law regime for claims against foreign states, we find nothing in the statute's origin or aims to indicate that Congress similarly wanted to codify the law of foreign official immunity."). Immunity under the FSIA is not at issue in this case.

Plaintiffs also argue that common law provides no immunity where officials violates *jus cogens* or the norms of international law and act outside of their lawful authority. The Second Circuit has expressly rejected this argument -- "A claim premised on the violation of *jus cogens*

---

[2] "Section 1602 describes the Act's two primary purposes: (1) to endorse and codify the restrictive theory of sovereign immunity, and (2) to transfer primary responsibility for deciding 'claims of foreign states to immunity' from the State Department to the courts." *Samantar*, 560 U.S. at 313; *see also Republic of Austria v. Altmann*, 541 U.S. 677, 690-91 (2004) (discussing the Congress' purpose in enacting the FSIA).

does not withstand foreign sovereign immunity." *Matar v. Dichter*, 563 F.3d 9, 15 (2d. Cir. 2009); *see also Ye*, 383 F.3d at 627 ("The Executive Branch's determination that a foreign leader should be immune from suit even where the leader is accused of acts that violate *jus cogens* norms is established by a suggestion of immunity."). Courts routinely dismiss on grounds of immunity cases against heads of state and foreign officials who faced similar claims as those in this case. *See American Justice Center et al. v. Modi*, 14 Civ. 7780 (S.D.N.Y. Jan. 14, 2015) (dismissing an action brought under the TVPA and ATS against Prime Minister Narendra Modi of India for the alleged massacre of Muslims in Gujarat); *Tawfik v. al-Sabah*, No. 11 Civ. 6455, 2012 WL 3542209, at *3-4 (S.D.N.Y. Aug. 16, 2012) (dismissing claims brought under the TVPA and ATS against Sheik Sabah al-Ahmad al-Jaber al-Sabah, the Emir and sitting head of state of the State of Kuwait for torture and other alleged violations of U.S and international law committed against Egyptian citizens working for democratic change); *Manoharan v. Rajapaksa*, 711 F.3d 178, 180 (D.C. Cir. 2013) (affirming the district court's dismissal of claims brought against the President of Sri Lanka under the TVPA).

Similarly, Plaintiffs maintain that the TVPA or ATS provide federal jurisdiction and that claims brought under these acts survive the assertion of sovereign immunity. Again, the Second Circuit has rejected this argument. In *Matar v. Dichter*, the Second Circuit held that a foreign official facing claims brought under the TVPA is immune from suit under common law principles of immunity, and that the TVPA would only "apply to any individual whom the Executive declines to immunize."  563 F.3d at 15; *see also American Justice Center et al.*, 14 Civ. 7780 (claims under the TVPA and ATS did not override or create an exception to Executive Branch determination of foreign official immunity); *Tawfik*, 2012 WL 3542209, at *3-4

5

(recognizing the Court was bound recognize immunity determination of Executive Branch despite allegations under the TVPA); *Manoharan*, 711 F.3d at 180 ("[T]he common law of head of state immunity survived enactment of the TVPA.") (citing *Matar*, 563 F.3d at 15).

Finally, Plaintiffs argue that the Act of State doctrine does not shield Defendants Thein Sein and Wunna Maung Lwin from suit. This argument does not overcome the fact that this Court is bound to accept the suggestion of immunity by the Executive Branch.

## III. Conclusion

Despite Plaintiffs' serious allegations that Defendants committed heinous acts of persecution, torture, and genocide against members of the Rohingya minority community, I am bound by the Executive Branch's decision to recognize Thein Sein and Wunna Maung Lwin as immune from the jurisdiction of this Court while they remain in office.[3] Efforts to serve Defendants Thein Sein and Wunna Maung Lwin are ordered to cease and these Defendants are DISMISSED from this suit.

SO ORDERED.

Dated: March 30, 2016
       New York, New York

                                                **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**

---

[3] The Court understands that Thein Sein and Wunna Maung Lwin formally remain in office until April 1, 2016. *See* "Myanmar swears in first elected civilian president in 50 years," BBC (Mar. 30, 2016), http://www.bbc.com/news/world-asia-35923083 ("Outgoing President Thein Sein . . . will hand over power to Htin Kyaw, who assumes office on 1 April."); Central Intelligence Agency, "Burma," THE WORLD FACTBOOK (last updated Mar. 15, 2016), https://www.cia.gov/library/publications/the-world-factbook/geos/bm.html. To the extent Plaintiffs file a motion for reconsideration in light of changed circumstances, the Court will require full briefing from both sides as provided in the Court's Individual Rule III.B., notwithstanding instructions to the contrary in Individual Rule III.A.3.